UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                          Case No. 09-14485 (ALG)

Icon Realty Corp.,                                              Chapter 11

                          Debtor.
-------------------------------------------------------------x

## INTERIM STIPULATION RE: RECEIVER'S COMPLIANCE WITH PROVISIONS OF 11 U.S.C. § 543

WHEREAS, Icon Realty Corp. (the "Debtor") is the owner of a mixed-use residential and commercial building on 175 Nagle Avenue in Manhattan (the "Property"); and

WHEREAS, Intervest National Bank ("Intervest") holds first and second mortgage liens against the Property; and

WHEREAS, Intervest commenced a foreclosure action on November 18, 2008 in the Supreme Court of the State of New York, New York County under index number 115491/2008; and

WHEREAS, Intervest sought and obtained the appointment of the Receiver, Gregory Soumas, pursuant to order dated January 21, 2009; and

WHEREAS, the Receiver qualified by the filing of his Oath and Bond in the amount of $404,285; and

WHEREAS, the Receiver sought and obtained the appointments of Michael Besen as managing agent and Sally E. Unger, Esq. as counsel to the Receiver pursuant to order dated April 1, 2009 and retained and paid both fiduciaries pursuant to that order; and

WHEREAS, the Debtor filed a voluntary Chapter 11 petition on July 15, 2009; and

WHEREAS, Intervest has moved in the Bankruptcy Court (the "Motion") for an Order pursuant to §543(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") by permitting the Receiver to continue to administer the property of the estate; and

WHEREAS, the parties hereto have agreed to adjourn the Motion from time to time pending negotiations between the parties;

Now therefore, the parties hereby Stipulate and Agree that, pending further hearing and determination of the Motion,

1. Except as otherwise provided in this Stipulation, the Receiver is excused from compliance with the provisions of Section 543(a) and (b) of the Bankruptcy Code;

2. The Receiver is authorized:

   a. to continue in possession, custody, and control of the Property, and to continue to manage the Property, collect all rents and maintain all necessary accounts;
   b. to continue his retention of Michael Besen as managing agent;
   c. to commence, and continue, all necessary proceedings with respect to non-payment of rent;

2

    d. to make all necessary expenditures for the maintenance of the Property, including, without limitation, the salary for the superintendent, and payment of the managing agent the monthly sum of 6% of the income of the building or $1800.00, whichever is greater, for the period from July 15, 2009, except that (i) the Receiver shall not pay any obligation which was incurred prior to July 15, 2009 without prior Order of this Court; (ii) the Receiver shall not make any capital improvements costing in excess of $5,000 without further Order of this Court on notice to the parties hereto; and (iii) the Receiver shall not pay himself or his counsel (except for services related to non-payment of rent proceedings), without further Order of this Court on notice to the parties hereto.

   3. Within ten (10) days of the date hereof, the Receiver's Managing Agent is directed to serve the Debtor and Intervest, by their respective counsel, with a report of receipts and expenses, including copies of all bank statements and canceled checks, for the period from the appointment of the Receiver to July 14, 2009; and hereafter to provide such a report on a monthly basis no later than the twentieth (20th) calendar day of the following month.

   4. Notwithstanding any provision to contrary in this Stipulation, the Receiver may immediately expend such funds as are necessary to effectuate emergency repairs to the boiler and pay the outstanding obligation owed by the Debtor to Consolidated Edison.

3

5. The parties and their counsel shall meet to discuss the Debtor's proposals for a Chapter 11 plan no later than September 11, 2009.

Dated: New York, New York
September 2, 2009

| GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP | BACKENROTH FRANKEL & KRINSKY, LLP |
|---|---|
| Attorneys for Intervest | Attorneys for Icon Realty Corp. |
| 1501 Broadway, 22nd Floor | 489 Fifth Avenue, 28th Floor |
| New York, New York 10036 | New York, New York 10017 |
| (212) 221-5700 | (212) 593-1100 |
| By: /s/ J. Ted Donovan, Esq. | /s/ Mark Frankel, Esq. |

So Ordered this
2nd day of September, 2009

__/s/ Allan L. Gropper__
Hon. Allan L. Gropper

H:\sylvia\word\Intervest v Icon Realty-INT.28262\Interim Stipulation 09-02-09.doc