UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                    Chapter 11

ICON REALTY CORP.                                              Case no. 09-14485

                      Debtor.
------------------------------------------------------------x

## ORDER APPROVING THE DEBTOR'S DISCLOSURE STATEMENT
## AND CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

      Icon Realty Corp., the above-named debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, having proposed and filed both its Disclosure Statement (the "Disclosure Statement") and its Plan of Reorganization (the "Plan") on December 30, 2009; and a copy of the Disclosure Statement in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing held before this Court on January 20, 2009 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that sale of the building, improvements and real property commonly known as 170-174 Nagle Avenue, New York, New York (the "Property")[1] under the Plan pursuant to the contract of sale date December 18, 2009 attached to the Plan (the "Contract") is arms-length, non-collusive, fair and reasonable, was conducted openly and in good faith, and is in the best interests of the Debtor, its estate and Creditors, (b) that the Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law,

---

[1] Unless otherwise defined herein, all capitalized terms in this Order shall be defined as set forth in Article 1 of the Plan.

(c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (e) that in order for the Debtor to properly consummate the Plan in accordance with the Contract and the Debtor's agreement with Intervest National Bank ("Intervest") as set forth in the Plan, cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that pursuant to section 1125 of Title 11 of the United States Code (the "Bankruptcy Code"), the Disclosure Statement be, and it hereby is, approved; and it is further

ORDERED, that pursuant to section 1129 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that the Debtor shall be the disbursing agent under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions, and it is further

ORDERED, that in furtherance of the Plan, the Debtor is authorized to sell, transfer and convey the Property in accordance with the Contract for the sum of $10,200,000 subject only to the first mortgage held by Intervest as modified and extended in accordance with

the Contract, with the first mortgage lien and security interest of Intervest to survive confirmation of the Plan and to continue to be a first mortgage lien as modified and extended upon the Property as provided in the Contract; and it is further

ORDERED, that the Purchaser, as transferee of the Property under the Sale Contract, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provision of law; and it is further

ORDERED, that Debtor be, and it hereby is, expressly authorized and empowered to execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close on the Contract and as set forth in the Plan, as contemplated under the Contract, and to perform and do all acts that may be required in connection with the Contract; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, (a) the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of any lease or sublease or the making or delivery of any deed or other instrument of transfer under, pursuant to, in furtherance of, or in connection with, the Plan and the Contract, including, without limitation, any deeds, bills of sale or assignments executed in connection with the purchase of the Property by the Purchaser or the re-vesting, transfer or sale of any real or personal property of the Debtor

pursuant to, in implementation of, or as contemplated in the Plan and the Contract, and (d) the issuance, renewal, modification or securing of indebtedness by such means, and the making, delivery or recording of any deed or other instrument of transfer shall be under, in furtherance of, or in connection with, the Plan. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded, shall accept any instrument of transfer of the title to the Property pursuant to this Confirmation Order, the Plan and the Contract without requiring the payment of any filing fees, documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage tax, intangible tax or similar tax, including without limitation New York City Real Property Transfer Tax and New York State Documentary Tax; and it is further

ORDERED, that except as provided in the Plan and the Contract relating to the first mortgage lien of Intervest and the provisions for the turnover of rents by the Receiver, on the Effective Date the assets of the Estate shall vest in the Debtor free and clear of all other liens, claims and encumbrances; and it is further

ORDERED, that, except as otherwise provided in the Plan or this Order, on the Effective Date, all Claims against the Debtors and the Debtors in Possession shall be satisfied, discharged, and released in full. Neither the reorganized Debtor nor the Debtor shall be responsible for any pre-Effective Date obligations of the Debtor, except as provided in the Plan and the Contract. Except as otherwise provided in the Plan or this Order, all persons shall be precluded and forever barred from asserting against the reorganized Debtor, the Debtor, their

respective successors or assigns, or their Estates, assets, properties, or interests in property, any Claims or causes of action based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date; and it is further

ORDERED, that the Debtor be, and hereby is, authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that the Debtor shall file post-confirmation reports on a quarterly basis; and it is further

ORDERED, that the Debtor shall pay any amounts due under 28 U.S.C. § 1930 within ten (10) business days of notification of the amounts thereof by the Office of the United States Trustee; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e); and it is further

Dated: New York, New York
February 1, 2010

*/s/ Allan L. Gropper*
UNITED STATES BANKRUPTCY JUDGE