UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ICON REALTY CORP.,

         Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 09-14485 (ALG)

## NOTICE OF HEARING ON FINAL ACCOUNTING APPLICATION FOR AWARD OF RECEIVER'S FINAL COMMISSION, DISCHARGE OF RECEIVER AND MANAGING AGENT

**PLEASE TAKE NOTICE**, that a hearing will be held before the Honorable Allan L. Gropper at the United States Bankruptcy Court, One Bowling Green, New York, on the 13th day of May, 2010 at 10:00 a.m., or as soon thereafter as counsel can be heard, to consider the request for approval of final accounting and to set an award of the Receiver's final commission made by Kossoff & Unger, Special Counsel to the Receiver herein, of Thirty-One Thousand Three Hundred Forty-Eight Dollars ($31,348.00) in commissions, that the Receiver be authorized to pay that amount to himself, and that the Receiver be discharged.

**PLEASE TAKE FURTHER NOTICE**, that objections shall be filed with the Clerk of the Bankruptcy Court, and served upon the undersigned, and the United States Trustee, 33 Whitehall Street, New York, New York 10004; so as to be received at lease three days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE**, that the fee application is available upon request of the undersigned, and may also be obtained on the Bankruptcy Court's internet site: www.nysb.uscourts.gov.

Dated:  New York, New York
     April 15, 2010

               KOSSOFF & UNGER

               Special Counsel for the Receiver

               By: s/ Sally E. Unger (SU-6014)
                 217 Broadway, Suite 401
                 New York, New York 10007
                 (212) 267-6364

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

ICON REALTY CORP.,

                Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 09-14485 (ALG)

**APPLICATION OF GREGORY SOUMAS
FOR APPROVAL OF RECEIVER'S FINAL
ACCOUNTING, FOR A FINAL AWARD OF RECEIVER'S
COMMISSIONS, DISCHARGE OF RECEIVER AND MANAGING AGENT**

      The application of Gregory Soumas as Receiver ("the Receiver"), for approval of his final accounting for Thirty-One Thousand Three Hundred Forty-Eight Dollars ($31,348.00) as his Final Award of Commissions and for his discharge as Receiver in the above-captioned case, respectfully alleges:

      1.     This Application is made pursuant to §§330 and 331 of title 11 of the United States Code ("the Bankruptcy Code") which seeks: the approval of the final accounting of the Receiver herein; a final award of commissions based upon the income generated by and for the sole asset of this Chapter 11 case for the period extending from July 16, 2009 through March 31, 2010; and for the discharge of the Receiver based upon the faithful performance and completion of his duties.

**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

      2.     The Debtor herein is the owner of the property located at 170-174 Nagle Avenue, New York, New York (the "Property") which it purchased in May 2005.

      3.     The outstanding mortgage with respect to the property is approximately Eleven

Million Dollars ($11,000,000.00) as of October 2009.

4. In November 2008, the mortgagee commenced a mortgage foreclosure action in the Supreme Court of the State of New York, County of New York (hereinafter "state court action").

5. On January 21, 2009, Gregory Soumas was appointed a Receiver by the Honorable Jane Solomon in the state court action.

6. On April l, 2009, Sally E. Unger a partner of Kossoff & Unger was appointed as counsel to the Receiver in the state court action.

7. On July 15, 2009, the Debtor commenced the instant action by filing a voluntary petition in this Court.

8. On September 2, 2009, by So Ordered Interim Stipulation, the Receiver appointed in the state court action was excused from compliance with §543(a) and (b) of the Bankruptcy Code. Annexed hereto as Exhibit "A" is a copy of that So Ordered Interim Stipulation.

9. On September 17, 2009, this Court entered an order continuing the Receiver's operation of the Property and approving the payment of Eighteen Thousand One Hundred One Dollars and Thirteen Cents ($18,101.13) to the Receiver representing commissions which had accrued based upon the rate of five percent (5%) of the income generated for the Receivership pursuant to CPLR §8004(a) prior to the commencement of the Bankruptcy Court action. Annexed hereto as Exhibit "B" is a copy of that order.

10. Pursuant to an Order of this Court, dated December 1, 2009, this Court approved the Receiver's retention of Kossoff & Unger as its Special Counsel, nunc pro tunc to July 15, 2009. Annexed hereto as Exhibit "C" is a copy of that order.

11. Annexed hereto as Exhibit "D" is the Receiver's accounting for the period of July 16, 2009 through March 31, 2010, which reflects the income, expenditures, balance of cash on hand and outstanding bills.

12. There is a balance of One Hundred Nine Thousand Five Hundred Eighty-One Dollars and Ninety-Nine Cents ($109,581.99) on hand in the Receiver's operating account.

13. Other than the prior award of Receiver's commissions awarded by this Court on September 17, 2009, no other award of commissions has been paid or granted to the Receiver.

**WHEREFORE**, the Receiver, Gregory Soumas respectfully requests that his Final Accounting be approved and commissions be set pursuant to CPLR §8004(a) in the amount of Thirty-One Thousand Three Hundred Forty-Eight Dollars ($31,348.00) representing five percent (5%) of the income generated for the Receivership during the pendency of this Bankruptcy proceeding and as a Final Award of Compensation for the Receiver in this Chapter 11 case.

Dated:   New York, New York
         April 15, 2010

                                        KOSSOFF & UNGER

                                        s/ Sally E. Unger (SU-6014)
                                        SALLY E. UNGER, ESQ. (SU 6014)
                                        217 Broadway, Suite 401
                                        New York, New York 10007
                                        (212) 267-6364
                                        (212) 385-2558 (fax)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                      Chapter 11

ICON REALTY CORP.,                                          Case No. 09-14485 (ALG)

                    Debtor.                                 AFFIDAVIT
----------------------------------------------------------x

TO THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE:

        GREGORY SOUMAS, Receiver of rents, issues and profits in this action, being duly sworn, deposes and says:

        1.    The following account contains, according to the best of deponent's knowledge and belief, a full and true account of all the rents and profits which have been received by the Receiver or by any other person by his direction or for his use and expenditures made in furtherance of the operation and maintenance of the premises from July 16, 2009 through March 31, 2010 (hereinafter "Accounting Period"). This is the final accounting made by the Receiver in this action. *(See Exhibit "D")*.

        2.    I have received previous compensation for commissions earned prior to the commencement of this Bankruptcy action in the amount of Eighteen Thousand One Hundred One Dollars and Thirteen Cents ($18,101.13), pursuant to the Order of this Court dated September 17, 2009. *(See Exhibit "B")*.

        3.    Your affiant has been charged in said account with all the moneys received by me and embraced in the said account for which I am legally accountable and the moneys stated therein to have been collected were all that were collectible according to the best of my knowledge, information and belief. The total income for the Accounting Period was Six

Hundred Twenty-Six Thousand Nine Hundred Seventy-Five Dollars ($626,975.00).

4. The moneys stated in the following account to the Court were actually paid and allowed by the Receiver for and on account of the premises therein and for the several purposes therein mentioned, according to the best of my knowledge, information and belief. The expenses for the same period were Four Hundred Forty-Six Thousand Ninety-Three Dollars and Fifty-Five Cents ($446,093.55).

5. Shortly after closing, the Receiver turned over surplus funds of One Hundred Ninety-Nine Thousand Two Hundred Sixty Dollars and Five Cents ($199,260.05) to the Debtor, in accordance with the Order Approving the Debtor's Disclosure Statement and Confirming Debtor's Plan of Reorganization.

6. Also pursuant to the Order Approving the Debtor's Disclosure Statement and Confirming Debtor's Plan of Reorganization, any funds which came into the hands of the Receiver after the date of the transfer of title to the new owner of the subject property were to be turned over to the new owner. That amount totals Three Thousand Seven Hundred Eighty-Six Dollars and Eighty Cents ($3,786.80).

7. There is a balance of One Hundred Nine Thousand Five Hundred Eighty-One Dollars and Ninety-Nine Cents ($109,581.99) in the operating account I have maintained for this Receivership.

8. There are no outstanding claims, except for those of my Special Counsel, Dyckman 101 LLC for post closing rents received and some recently received relatively small

plumbing bills.

9. The Receiver does not know of any error or omission in the following account to the prejudice of any of the parties interested in the funds or in the cause.

10. Upon my qualification as Receiver of rents, I figuratively became the owner of the property with all the responsibilities and obligations of a landlord. In addition to collecting rents and dunning late payers, I was required to take steps to keep the property in good repair and pay various necessary expenses of the sole asset in this action.

11. Pursuant to the So Ordered Interim Stipulation dated September 2, 2009, I retained Michael Besen and his company New York City Management LLC (hereinafter "NYCM") as Managing Agent for the property. *(See Exhibit "A")*. I have been in close contact with NYCM, regarding the day to day management of the property. It has also been necessary for me to work closely with NYCM, for the purpose of directing work at the subject building.

12. NYCM furnished monthly reports to counsel for the Debtor and counsel for Intervest Bank as required by the So Ordered Interim Stipulation dated September 2, 2009. *(See Exhibit "A")*. Therefore, all relevant parties have been apprised of the income and expenses as they have been generated.

13. Pursuant to the Order of this Court dated December 1, 2009, I retained the law firm of Kossoff & Unger, as Special Counsel to represent the Receiver in connection with landlord and tenant and other matters necessary for the proper administration and within the context of this Receivership. *(See Exhibit "C")*. Special Counsel has diligently prosecuted the

summary eviction proceedings against the nonpaying tenants and thereby assisted me in the rent collections of this asset. Additionally, Special Counsel assisted me with tenant initiated litigation concerning the building asset, as well as issues concerning compliance with this Court's orders and issues involving the Debtor in this action.

14. With respect to my experience in connection with this Receivership, I have been admitted to the New York State Bar for nineteen (19) years. I am a partner in the law firm of Borah, Goldstein, Altschuler, Nahins & Goidel, P.C. The area of focus of my law practice has been in the field of commercial real estate litigation. I am also admitted to practice law in the New York State Courts and the U.S. Federal District Courts, Eastern District and the Southern District of New York, the Commonwealth of Massachusetts as well as the District of Columbia. I am a member of the Association of the Bar of the City of New York, New York State Bar Association and the New York County Lawyers Association.

15. I further submit that a substantial amount of rent has been collected, the premises maintained in good order, all required services have continued, and the overall preservation of the property has been achieved. I have been diligent in the collection of rent.

16. Based upon the foregoing, the Receiver has fulfilled his duties and responsibilities in accordance with his order of appointment.

WHEREFORE, it is respectfully requested that this Court grant an order:

a) Approving the Receiver's Final Account;

b) Fixing the commissions of GREGORY SOUMAS, as Receiver in the amount of Thirty-One Thousand Three Hundred Forty-Eight Dollars

4

($31,348.00) representing five percent (5%) of the income generated for the Receivership during the pendency of this Bankruptcy proceeding;

c) Discharging the Receiver effective March 31, 2010;

d) Discharging Michael Besen and his company New York City Management LLC;

e) Discharging and releasing Bond Number 7606305 issued by Fidelity and Deposit Company of Maryland, effective March 31, 2010; and

f) For such other and further relief as the Court may deem just and proper.

_____
GREGORY SOUMAS

Sworn to before me this
15th day of April, 2010

_____
Notary Public

JOSEPH I. FARCA
NOTARY PUBLIC, State of New York
Qualified in New York County
Registration No. 02FA5065718
Commission Expires September 9, 2010

5